UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERO ROOFING, LLC, a/a/o
William Ryan

    Plaintiff,

v.                                           Case No.: 2:20-cv-614-FtM-38MRM

FEDERAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**[1]

Before the Court is Plaintiff Dero Roofing, LLC's Amended Motion to Remand (Doc. 34) and Defendant Federal Insurance Company's response in opposition (Doc. 33).[2] This is an insurance dispute. Federal removed based on diversity jurisdiction. Now, Dero seeks remand, contending the amount in controversy is insufficient. The Court denies the Amended Motion.

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] This is Federal's response to Dero's mooted motion to remand (Doc. 32). Because the only change was an addition to comply with Rule 3.01(g), the Court will consider this Federal's response to the Amended Motion.

diversity exists. 28 U.S.C. §§ 1332(a), 1441(a). When a complaint does not specify damages—as here—the removing party must prove amount in controversy by preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). But removal statutes are strictly construed with doubts resolved in favor of remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal removed based on Dero's own damages estimate for over $96,000. (Doc. 1-13). Dero (a roofing company) provided the detailed estimate, explaining the amount of each charge. Courts regularly consider detailed roofing estimates to establish amount in controversy. *E.g.*, *Rocca v. Nat'l Specialty Ins.*, No. 2:20-cv-64-FtM-38MRM, 2020 WL 6036882, at *2 (M.D. Fla. Feb. 24, 2020). While Dero says its estimate is just that, an approximation, it offers nothing to call that amount into question. In passing, Dero mentions a deductible, which can reduce amount in controversy. *Stefchack v. GeoVera Specialty Ins.*, No. 6:20-cv-1092-Orl-22GJK, 2020 WL 6478527, at *3 (M.D. Fla. Aug. 26, 2020). Yet it never mentions the deductible amount.

The only evidence Dero points to are communications between the parties on limiting damages to less than $75,000—exclusive of fees and costs. (Doc. 34-1). This is insufficient for two reasons. First, like Federal notes, the

2

limitation does not include attorney's fees. It is hornbook law that attorney's fees can be part of the amount in controversy if a party is entitled to them by statute. *E.g.*, *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract."). Dero points to the specific statute potentially entitling it to fees. So the conclusory argument attorney's fees should not count fails. Second, Dero's offer to stipulate to damages less than $75,000 occurred *after* removal. But amount in controversy is determined *at the time of* removal. *Pretka*, 608 F.3d at 751. And long ago, the Supreme Court held an after-the-fact attempt to limit damages to defeat jurisdiction and secure remand is not allowed. *St. Paul Mercury Indem. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").

In short, the Court finds Federal met its burden to establish amount in controversy by a preponderance of the evidence.

Accordingly, it is now

**ORDERED:**

Plaintiff's Amended Motion to Remand (Doc. 34) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 9, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record